```
      IN THE UNITED STATES DISTRICT COURT FOR THE
                EASTERN DISTRICT OF OKLAHOMA

JAMES LUKAS BURGE,               )
                                 )
            Plaintiff,           )
                                 )
v.                               )  Case No. CIV-21-079-KEW
                                 )
COMMISSIONER OF THE SOCIAL       )
SECURITY ADMINISTRATION,         )
                                 )
            Defendant.           )
```

## OPINION AND ORDER

This matter comes before the Court on Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (Docket Entry #27). By Order entered August 1, 2022, this Court remanded the case for further proceedings at the request of the Commissioner. Plaintiff opposed the Commissioner's request for a remand for further proceedings, instead requesting that the Court remand the case for an immediate award of benefits.

In the Application, Plaintiff seeks attorney's fees for 31.4 hours of time expended by his attorney at the stipulated fee rate for a total request of $6,865.90 under the authority of the Equal Access to Justice Act ("EAJA"). The Commissioner challenges only a portion of the requested award of EAJA fees, contending that six (6.0) hours of time expended by Plaintiff's counsel (totaling $1308.00 of the requested fee award) opposing the request for voluntary remand of the case should be excluded because Plaintiff's

request for an immediate award of benefits was rejected by the Court and constitutes a "special circumstance" that makes that portion of the award "unjust."

EAJA provides that a prevailing party other than the United States shall be awarded fees and costs unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Courts have discretion to deny awards when equitable circumstances dictate that a fee award should not be made. *Scarborough v. Principi*, 541 U.S. 401, 423 (2004). "[F]ees and expenses may not be awarded to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings." 28 U.S.C. § 2412(d)(2)(D).

The Commissioner contends that because the Court denied Plaintiff's request for a remand with an immediate award of benefits that Plaintiff did not achieve the success necessary to recover EAJA attorney's fees associated with that argument. The Commissioner asserts that because the Court rejected Plaintiff's argument, it provided no favorable result to Plaintiff, and the fees associated with the argument do not therefore represent time reasonably required to achieve a reasonable result in the case.

In response, Plaintiff's counsel argues that the previous remand of the case was for the proper consideration of evidence of Plaintiff's illiteracy and that on remand the ALJ failed to resolve the conflict. He further asserts that his applications have already been pending for five years. Plaintiff's counsel argues it was reasonable to resist another remand for further proceedings based upon the same issue that was not previously resolved and because another remand would prolong the final resolution of his appeal for an even longer period of time.

This Court finds that Plaintiff is entitled to the full award of EAJA fees requested in the Application. Plaintiff did not oppose the remand of the action, but he only made an alternative request that benefits be awarded upon remand. Based upon the background of the case, this Court cannot find that such a request was unwarranted. Even though the Court ultimately decided to remand the case for further proceedings, Plaintiff still obtained success in the case, as the case was remanded for the ALJ to properly consider the evidence of Plaintiff's illiteracy. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("[T]he fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's

3

rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.").

IT IS THEREFORE ORDERED that Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act (Docket Entry #27) is hereby **GRANTED** and that the Government is ordered to pay Plaintiff's attorney's fees in the amount of $6,865.90.

In accordance with the ruling of the Tenth Circuit Court of Appeals, the award shall be made to Plaintiff as the prevailing party and not directly to Plaintiff's counsel. *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007); 28 U.S.C. § 2412(b). In addition, should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), counsel shall refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 20th day of April, 2023.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE